[Crim. No. 14093. Fourth Dist., Div. Two. Mar. 18, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LEE HOWARD, Defendant and Appellant.

**COUNSEL**

Charles E. Ward, Public Defender, Andrew E. Rubin and Littleton M. Gunn, Deputy Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Richard D. Garske and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GARDNER, P. J.**—Defendant was on probation for violation of Penal Code section 288. He was found in violation of probation for violation of law, i.e., sodomizing and orally copulating an 18-year-old mentally retarded man.

The victim, nineteen-year-old Kenyon W., acted as though he were five to seven years of age; his reading level was on the first or second grade level; and he spoke as if he were a six- or eight-year-old child. He resided in a home for developmentally disabled persons with the mentality of five- to seven-year olds. The defendant worked at the home where Kenyon lived (an odd occupation for one on probation for sexual perversion). The defendant committed the acts on Kenyon who saw nothing wrong with the sodomy or the oral copulation since both he and the defendant enjoyed it.

Defendant contends that this factual situation cannot support a finding of violation of law. We do not agree.

Both Penal Code sections 288a, subdivision (f) and 286, subdivision (f) provide that it is a crime to commit the proscribed acts when "the victim is at the time unconscious of the nature of the act and this is known to the person committing the act." Defendant contends this means that the unconsciousness must be total, i.e., a total unawareness that the physical act is being performed. This is not what the section says and *People* v. *Minkowski* (1962) 204 Cal.App.2d 832 [23 Cal.Rptr. 92] on which defendant relies says no such thing.

*Minkowski*, at page 842, says that this element of the crime is "that the victim was at the time unconscious of the nature of the act." While it is true that the victims in *Minkowski* may have been totally unaware of what was happening (a doctor told two women patients that he was performing medical tests when actually having sexual intercourse with them), the test *Minkowski* used was that of the code section—unconscious of the nature of the act.

Kenyon W. fits this situation perfectly. Because of his mental retardation, the acts of sodomy and oral copulation meant nothing to him. He was not aware of the nature of these acts. He liked the defendant, wanted to please him and actually liked it when the defendant stuck his "boner in my ass." This is unconsciousness of the nature of the act.

We do not accept the principle that the victim must be totally unconscious. If the Legislature had meant this to be the law, it could easily have said so—"when the victim is unconscious." We presume the Legislature meant what it said when it added—"of the nature of the act."

Defendant contends that we have gone back to the pre-1975 period before the legislative sexual revolution decriminalized such activity between consenting adults. Nonsense. The Legislature carefully kept in the law the "unconscious of the nature of the act" language. In other words, when the Legislature decriminalized this type of sexual relationship between consenting adults, it never contemplated that an adult could sodomize and orally copulate a mentally retarded person with impunity. This section is aimed precisely at this situation—an adult engaging in this type of sexual activity with a mentally retarded person who simply does not understand the nature of the act in which he participates.

Under the facts of this case, there is substantial evidence that the victim was unconscious of the nature of the acts and that the defendant knew it.

Judgment affirmed.

Tamura, J., and Morris, J., concurred.

A petition for a rehearing was denied April 7, 1981, and appellant's petition for a hearing by the Supreme Court was denied June 17, 1981.